[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Cosgrove Construction Co., Inc., has moved for partial summary judgment in this personal injury action brought by plaintiff Raymond Santopietro, Jr., and by his father, Raymond Santopietro, Sr. The elder Santopietro seeks to recover damages for the emotional distress he suffered when he saw his grown son drop to the ground with a head injury when he was hit by a bat at a local baseball field in an incident in which he claims the defendant is liable.
The defendant asserts that the father has not set forth a CT Page 3400 cause of action recognized in Connecticut, or, in the alternative, if Connecticut does recognize a cause of action for emotional distress to such a bystander, that the father was not within the zone of the danger to which his son was exposed.
The father alleges in his complaint that when his son was struck by a thrown bat, he heard his son scream, saw him fall to the ground, observed blood gushing from his head and saw him go into convulsions. The father further alleges that he suffered great shock and emotional distress as a result.
Transcripts filed by the parties in connection with this motion indicate that the father and son were from twenty to forty feet apart at the time of the injury to the son.
Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980) the Connecticut Supreme Court was faced with a mother's claim for damages for emotional distress suffered when medical malpractice resulted in the deteriorating health and eventual death of her daughter. The Court analyzed the claim in the light of the criteria used by the California Supreme Court in Dillon v. Legg,68 Cal.2d 728, 441 P.2d 912 (1968) in recognizing a cause of action for emotional distress suffered by a bystander who was not in danger herself:
"1) whether the plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it,
2) whether the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence,
3) whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. 68 Cal.2d at 740-41.
The Court determined that the facts in Amodio did not meet the Dillon criteria.
Subsequently, in Maloney v. Conroy, 208 Conn. 392-402 (1988), the Connecticut Supreme Court ruled that "[w]hatever may be the situation in other contexts . . ." it would not recognize a claim for emotional distress to a bystander where the underlying negligence was medical malpractice resulting in harm to another. Had the Supreme Court intended a complete retreat from Dillon v. Legg, it would hardly have included the prefatory language cited above, and its analysis in Maloney, at 402-4, is specifically focused on undesirable consequences to hospital practices which the Court posited would result from recognition of a claim for CT Page 3401 emotional distress suffered by family members.
The limited scope of the ruling in Maloney left intact the recognition of the Court in Amodio of a cause of action based on the criteria of Dillon v. Legg in cases other than medical malpractice cases. In the wake of Maloney, the existence of a cause of action for emotional distress has been recognized by trial judges in Hussex v. National Railroad Passenger Corporation, (Docket No. 425968, Hartford-New Britain Jud. Dis. at New Britain, Sept. 15, 1988), McCarthy v. Widdows, (Docket No. 265273, New Haven Jud. Dis. Aug. 8, 1988), and Lindsay v. Supermarket General Corp., (Docket No. 238992, New Haven Jud. Dis. June 14, 1990).
The defendant has failed to establish that the cause of action plead by the elder Santopietro is not recognized in Connecticut.
The second ground raised by the defendant in its motion for summary judgment is that even if Connecticut courts recognize a cause of action for emotional distress suffered by a bystander, the elder Santopietro does not allege facts putting himself within the zone of the danger to which his son was exposed. Though the "zone of danger" test is a feature of the pre-Amodio ruling of the Court in Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978), the Dillon test is different. According to the latter test, the bystander need not have been in danger himself but need only have been "near the scene of the accident as contrasted with one who was a distance away from it" so that his distress resulted from a "contemporaneous observance of the accident." Maloney, supra, at 395-96.
The emphasis of Dillon is on the immediacy of the bystander's witnessing and reacting to the injury to a family member. The claimant has stated under oath that he heard his son scream, and saw blood gush from his head as he dropped to the ground. The actual immediacy of the claimant's experience is clearly a factual issue which the defendant has not shown to be so clearly outside the standard of Dillon as to be subject to summary judgment.
The motion for summary judgment is denied.
BEVERLY J. HODGSON, JUDGE.